UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLIVE J. GORDON,

      Plaintiff,    **MEMORANDUM & ORDER**

      -against-    06 CV 1517 (RJD) (LB)

HEALTH AND HOSPITALS CORPORATION,
KINGS COUNTY HOSPITAL, and AMERICAN
FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES,

      Defendants.
------------------------------------------------------------X
DEARIE, Chief Judge.

  Pro se plaintiff, who was terminated from her job as a housekeeping aide at Kings County Hospital Center, alleges that defendants New York City Health and Hospitals Corporation and Kings County Hospital Center engaged in age discrimination and retaliation and that her union, defendant American Federation of State, County, and Municipal Employees ("AFSCME"), breached its duty of fair representation.[1] Having supplied plaintiff with document discovery, AFSCME now moves to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). In the alternative, AFSCME requests that the Court convert its motion into one for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2] For the following reasons, the Court grants AFSCME's conversion request as well as the motion for summary judgment.

---

[1] The Court notes that plaintiff stated in her affidavit that she is not pursuing an age discrimination claim against AFSCME. Gordon Aff. ¶ 1.

[2] Defendants New York City Health and Hospitals Corporation and Kings County Hospital Center engaged in additional discovery and are now preparing a separate motion for summary judgment.

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts of this litigation. Briefly, however, this action arises from plaintiff's suspension on July 15, 2004 for insubordinate behavior and her termination about a year later. Plaintiff alleges that AFSCME offered her only "passive" representation throughout her tenure at Kings County Hospital Center and during the grievance process that resulted in her termination. Am. Compl. ¶ 8; Gordon Aff. ¶ 2.

### A. Legal Standard

In evaluating a motion to dismiss a complaint under Rule 12(b)(6), the Court must determine whether the "[f]actual allegations . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). The Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (quoting Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000)). Where, as here, a plaintiff is proceeding pro se, "a court is obliged to construe [the] pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)).

If a party submits additional evidence outside of the allegations in the pleadings, the Court must "either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" Friedl v. City of New York, 210 F.3d

79, 83 (2d Cir. 2000) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)). While "a district court ordinarily must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading," the central inquiry in a request for conversion is whether the non-movant "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of reasonable opportunity to meet facts outside the pleadings." Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999) (quotation marks omitted). "Notice [of conversion] is particularly important when a party is proceeding pro se and may be unaware of the consequences of his failure to offer evidence bearing on triable issues." Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 767 (2d Cir. 1983). At the same time, however, the Second Circuit has stated that "a District Court need not advise a pro se litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice or where the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." Vital v. Interfaith Med. Ctr., 168 F.3d 615, 621 (2d Cir. 1999) (internal citations omitted).

Though mindful of plaintiff's pro se status, the Court nevertheless finds that conversion is appropriate. First, AFSCME's motion, served on plaintiff at a November 16, 2006 conference with Magistrate Judge Bloom, explicitly sought summary judgment as an alternate form of relief. See Union Defs.' Mem. Law Supp. Mot. Dis. or in Alt. Mot. Summ. J. at 1. In addition, by letter dated November 20, 2006, AFSCME supplied plaintiff with a Notice to Pro Se Litigant Opposing Motion for Summary Judgment in accordance with Local Rules 12.1 and 56.2, alerting plaintiff that her complaint could be dismissed if she did not respond by sworn affidavits or other

3

documentary evidence. AFSCME Letter to Pl. at 1-2 (Nov. 20, 2006). Though this Notice did not initially include the text of Rule 56 as required by Local Rules 12.1 and 56.2, defendant sent plaintiff the text of the rule in a follow-up letter dated January 12, 2007. AFSCME Letter to Pl. at 1 (Jan. 12, 2007). Plaintiff, for her part, responded to defendant's motion on December 13, 2006 with a detailed, sworn affidavit containing fifteen exhibits and totaling seventy-six pages. Because plaintiff's extensive evidentiary submission demonstrates that she both understood the nature of summary judgment and was afforded the opportunity to submit facts outside the pleadings, the Court finds that conversion of AFSCME's Rule 12 motion to a Rule 56 motion is proper. AFSCME will prevail on its summary judgment motion only if "there is no genuine issue as to any material fact" and it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### B. Duty of Fair Representation

"To establish a breach of duty of fair representation 'the union's conduct must, first, have been arbitrary, discriminatory or in bad faith, and second, it must have seriously undermined the arbitral process.'" Mack v. Otis Elevator Co., 326 F.3d 116, 129 (2d Cir. 2003) (quoting Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir. 1989)). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d 279, 283 (2d Cir. 2005) (per curiam) (quoting Airline Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67 (1991)). Further, "tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach." Barr, 868 F.2d at 43. The standard for establishing a

4

breach of the duty of fair representation is generally the same whether plaintiff is alleging such a breach under federal law or New York state law. See, e.g., Grassel v. Pub. Employment Relations Bd., 753 N.Y.S.2d 522, 523 (App. Div. 2003) ("To establish a breach of the duty of fair representation, it is necessary to show that a union's conduct was arbitrary, discriminatory, or in bad faith[.]"); Ahrens v. New York State Pub. Employees Fed'n AFL-CIO, 610 N.Y.S.2d 680, 681 (App. Div. 1994) ("[A] plaintiff may not prevail [on a breach of the duty of representation] if all that is shown is that the union was negligent or mistaken."); Cunningham v. Local 30, Int'l Union of Operating Eng'rs, 234 F. Supp. 2d 383, 398 (S.D.N.Y. 2002) (noting that "New York courts have followed the same general standard as federal courts in weighing claims by public employees alleging breaches of the duty of fair representation").[3]

Construing plaintiff's submissions liberally and in the light most favorable to her, the Court finds that plaintiff has failed to produce any facts that would even approach a showing that the union's actions were arbitrary, discriminatory, or taken in bad faith. Other than vague and unsupported assertions about "passive union actions," plaintiff's principal allegations against the union appear to be as follows: the union failed to turn over certain documents during discovery in this case; plaintiff's union attorney Maureen Stampp failed to raise the "bed-pan issue" at her grievance hearing; Stampp once declined to meet with plaintiff; the union failed to notify

---

[3] Though several district courts have found that public employees such as plaintiff may not bring claims against their unions for breach of the *federal* duty of fair representation, the Court need not reach this question, since plaintiff's case fails under both state and federal law. See, e.g., Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 104 (E.D.N.Y. 2004) ("[Federal law] does not vest federal district courts with subject matter jurisdiction over claims by public employees against their unions for breach of the duty of fair representation."); Cunningham, 234 F. Supp. 2d at 397 ("Plaintiffs, as employees of the City of New York, cannot and do not attempt to, state a claim that Local 30 breached the federal duty of fair representation.").

5

plaintiff that it had terminated her medical benefits after she lost her job; the union failed to investigate the "bed-pan issue" and several other incidents; and the union never called plaintiff in for counseling sessions. Gordon Aff. ¶¶ 1-2.[4] Plaintiff's persistent allegations that the union offered her "passive help" are belied by the myriad letters written on plaintiff's behalf by union officials throughout the grievance process and by other documents showing that the union thoroughly engaged with plaintiff's claims. See, e.g., Barrett Aff. Exs. 1, 2, 4, 5, 11, 12. Accordingly, the Court grants AFSCME's motion for summary judgment on plaintiff's duty of fair representation claim.

## CONCLUSION

For the reasons stated above, AFSCME's summary judgment motion is granted and AFSCME is dismissed from the case. The Court will rule on the separate motion for summary judgment by defendants New York City Health and Hospitals Corporation and Kings County Hospital Center when that motion is fully briefed.

SO ORDERED.

Dated: Brooklyn, New York
July _11_, 2007

s/ Judge Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge

---

[4] To the extent that plaintiff premises her breach of duty of fair representation claim on events that took place prior to her suspension in 2004, these allegations are time-barred. See, e.g., Eatz v. DME Unit of Local Union No. 3, 794 F.2d 29, 33 (2d Cir. 1986) (six-month statute of limitations on federal breach of duty of fair representation claim); N.Y. C.P.L.R. § 217(2)(a) (four-month statute of limitations on beach of duty of fair representation claim under New York law).